IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Daniel L. Schneider, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Burleigh County Det. Center, | ) | |
| Officer: Shayla, | ) | |
| Officer: Jenn, | ) | |
| Nurse: Christ Aman, | ) | Case No. 1:09-cv-033 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Daniel L. Schneider (Schneider), filed a Motion to Appoint Counsel in the above-entitled action on July 7, 2009.[1]

Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (citing Swope v. Cameron, 73 F.3d 850, 851-52 (8th Cir. 1996)). A court may make such an appointment at its discretion, however. See Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); see also Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (stating that trial courts have broad discretion in deciding whether both the plaintiff and the court would benefit from the appointment of counsel); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) ("[T]he appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim.").

---

[1] In addition to requesting court-appointed counsel in the above-entitled action, Schneider requested court-appointed counsel, leave to join additional defendants, and discovery in Case No. 3:06-cv-064. Judge Klein denied these latter three requests in an order dated July 10, 2009. See Schneider v. Kenelly, et. al., Case No. 3:06-cv-063, Docket No. 48.
  Schneider next inquires of the status of Case No. 1:09-cv-020. The Clerk's office closed this case "for failure to complete PLRA Litigation Packet."

1

In determining whether an indigent litigant is in need of appointed counsel, a number of factors are relevant including: the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035. In addition, the court should satisfy itself that the plaintiff has in good faith attempted to retain counsel and has been unsuccessful. Id.

The court has reviewed the record and, in its discretion, finds that the appointment of counsel is not warranted at this stage of the proceedings. Schneider has not explicitly articulated why he feels that he is in need of counsel. Moreover, there is no indication from Schneider's submissions that he has attempted in good faith to retain counsel and has been unsuccessful. Finally, for the reasons cited in the undersigned Report and Recommendation of July 1, 2009, it does not appear that Schneider's complaint sets forth a cognizable constitutional claim. Schneider's request for court-appointed counsel (Docket No. 3) is therefore **DENIED**. To ensure that Schneider has sufficient time to formulate a response to the undersigned Report and Recommendation, the court shall extend his deadline for filing objections until July 28, 2009.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2009.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge